**RECORD NO. 13-4756**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MARKIS RASAAN ALLEN,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT GREENVILLE

**OPENING BRIEF OF APPELLANT
MARKIS RASAAN ALLEN**

Wayne Buchanan Eads
ATTORNEY AT LAW
Post Office Box 25789
Raleigh, NC 27611-5789
(919) 833-3703
eads_law@yahoo.com

*Counsel for Appellant*

February 18, 2014

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

**MARKIS RASAAN ALLEN,**
Defendant-Appellant.

EDNC No. 4:13-CR-004-BO
Fourth Circuit No. 13-4756

## TABLE OF CONTENTS

TABLE OF AUTHORITIES -------------------------------------------------- iii

JURISDICTIONAL STATEMENT ---------------------------------------- 1

ISSUES PRESENTED ------------------------------------------------------- 1

I.    DID THE DISTRICT COURT COMMIT REVERSIBLE ERROR
      BY REVOKING THE PRE-SENTENCE REPORT FINDING THAT
      THE DEFENDANT HAD ACCEPTED RESPONSIBILITY? ---------- 1

STATEMENT OF THE CASE ----------------------------------------------- 2

STATEMENT OF THE FACTS ---------------------------------------------- 3

SUMMARY OF ARGUMENT ----------------------------------------------- 5

ARGUMENT --------------------------------------------------------------------- 6

I.    THE DISTRICT COURT COMMITTED REVERSIBLE ERROR
      BY REVOKING THE PRE-SENTENCE REPORT FINDING THAT
      THE DEFENDANT HAD ACCEPTED RESPONSIBILITY. ---------- 6

    A.   Standard of Review ------------------------------------------------- 6

    B.   Discussion. ------------------------------------------------------------ 6

    C.   Relief Requested. --------------------------------------------------- 11

CONCLUSION AND PRAYER FOR RELIEF --------------------------------- 12

STATEMENT REGARDING ORAL ARGUMENT --------------------------- 12

CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(A)(7) ------------------ 13

CERTIFICATE OF SERVICE ------------------------------------------------- 14

# TABLE OF AUTHORITIES

**UNITED STATES CODE**

18 United States Code 922(g)(1) ------------------------------------------ 1

18 United States Code 924 ---------------------------------------------- 1

18 United States Code 3231 --------------------------------------------- 1

18 United States Code 3742(a) ------------------------------------------ 1

28 United States Code 1291 --------------------------------------------- 1

**RULES**

Rule 4(b) of the Federal Rules of Appellate Procedure ------------------ 1

**GUIDELINES**

USSG 2A2.1(a)(2) --------------------------------------------------- 2

USSG 2A2.1(b)(1)(C) ------------------------------------------------ 2

USSG 1B1.3 --------------------------------------------------------- 9

USSG 3E1.1 --------------------------------------------------------- 9

**CASE LAW**

*United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) ----------- 9

*United States v. Hargrove*, 478 F.3d 195, 198 (4th Cir. 2007) ---------- 6

*United States v. Walker*, 112 F.3d 163, 166 (4th Cir. 1997) ------------ 7

## JURISDICTIONAL STATEMENT

Subject matter jurisdiction is conferred upon the United States District Court pursuant to the provisions of 18 United States Code 3231.

The defendant was indicted in a one-count indictment for a violation of 18 United States Code 922(g)(1) (felon in possession of a firearm) and 18 United States Code 924.

Subject matter jurisdiction is conferred upon the United States Court of Appeals for the Fourth Circuit pursuant to the provisions of 28 United States Code 1291. The appellant was convicted of the specified charge by open plea of guilty at arraignment on 03/18/2013, and he was sentenced on 09/26/2013.

Appellate jurisdiction is conferred upon the United States Court of Appeals for the Fourth Circuit pursuant to the provisions of 18 United States Code 3742(a) and Rule 4(b) of the Federal Rules of Appellate Procedure.

The defendant gave timely notice of appeal on 10/07/2013.

## ISSUE PRESENTED

I.  DID THE DISTRICT COURT COMMIT REVERSIBLE ERROR BY REVOKING THE PRE-SENTENCE REPORT FINDING THAT THE DEFENDANT HAD ACCEPTED RESPONSIBILITY?

## STATEMENT OF THE CASE

This case originated in the Greenville Police Department investigation into a non-fatal shooting which occurred on 10/14/2011. Officers quickly arrested the appellant (herein-after "Mr. Allen") as their suspect in that shooting. Mr. Allen was originally arrested on state charges on 10/14/2011, and remained in state custody until this case was adopted by federal authorities by means of an indictment based on the same factual basis as the original state charges. That indictment was obtained on 01/16/2013. (Dkt-1) Mr. Allen was subsequently transferred into federal custody on 01/23/2013. On 01/28/2013, Mr. Allen was ordered to be detained pending the disposition of the federal charge. (Dkt-15)

The arraignment was scheduled for 03/18/2013, and at that time, Mr. Allen entered a plea of guilty to the one count of the indictment, and did so without a written plea agreement with the government. (Dkt-19)

Sentencing was first scheduled for 07/19/2013 (Dkt-20), and a pre-sentence report (herein-after "PSR") was prepared and filed. (Dkt-21) Among other things, that PSR contained the following provisions:

1. The base offense level was set at 30 (JA, p. 96, ¶ 30), based on both a cross-reference to USSG 2A2.1(a)(2) (attempted murder) and to the provision at USSG 2A2.1(b)(1)(C) (victim sustained an injury between life-threatening and serious

-2-

bodily injury); and

2. The defendant was found to have "clearly demonstrated acceptance of responsibility" and thus the offense level was decreased by two levels (JA, p. 96, ¶ 37) plus one additional level (JA, p. 96, ¶ 38), for a total three-level decrease.

Sentencing was ultimately conducted on 09/26/2013, at which the district court, on its own motion and without a request to do so by the government, revoked the defendant's acceptance of responsibility and sentenced him at level 30, criminal history category III (USSG = 121-151). Because the statute set a maximum sentence of ten years as punishment for this offense (JA, p. 97), the district court sentenced Mr. Allen to 120 months in prison. (JA, p. 82)

From that sentence, Mr. Allen gave timely notice of appeal. (JA, p. 87) Because of the open guilty plea without entering into a written plea agreement, there is no appeal waiver in this case.

## STATEMENT OF THE FACTS

Mr. Allen was arrested within minutes of a shooting that left a victim laying in a street in Greenville, North Carolina. The first responder to the scene, Officer Adam Leggett, Greenville Police Department, determined that the shooting had occurred by use of a shotgun, and he determined that one description of the shooter was "a young black male" wearing "red shorts and a white T-shirt." (JA, p. 51, lines 13-14) A "be

on the lookout" (herein-after "BOLO") advisory had gone out on police radio within minutes of the first officer arriving at the scene. Officer Tabitha Johnson, Greenville Police Department, heard the BOLO and quickly spotted a man fitting that description and called it in. (JA, p. 62) She then continued to observe that person, who was a young black male wearing red shorts and a white T-shirt, as he ran into a backyard behind a building, and called that in. (JA, p. 64) A canine officer arrived with his police dog, the dog quickly located the suspect, and he was arrested. (JA, p. 64) Officer Johnson identified the defendant Mr. Allen as being the suspect arrested at that place at that time. (JA, p. 65)

    A gunshot residue test was performed on Mr. Allen at the scene (JA, p. 66, lines 8-9) and the evidence thus collected was preserved for later testing.

    Officer Justin Wooten, Greenville Police Department, was the canine officer who arrived with his dog in response to Officer Johnson's called-in observations. (JA, p. 67) He testified that, at the time of his arrest, Mr. Allen had a shotgun in his pants and that, after the officer secured it, he was able to determine that it was a single-shot shotgun, with one spent shell in the chamber and no additional unfired shells found. (JA, p. 67, lines 24-25; p. 68, lines 1-12)

    Mr. Allen subsequently admitted the essential elements of being a previously-convicted felon in possession of a firearm, but, through counsel, he filed three

objections to sentencing enhancements. All of those enhancements were based on the assumption made in the PSR that Mr. Allen was the shooter in the underlying offense conduct. (JA, pp. 99-100)

Mr. Allen consistently denied that he had been the shooter. Although he did not testify at his sentencing hearing, nor put on evidence at all, he made a verbal proffer, through his attorney, that the initial altercation was between the victim and another man identified only by the nickname "Five," that Five had shot the victim, and that Mr. Allen had then picked up the shotgun and fled. (JA, p. 75, lines 11-15) The three objections filed on behalf of Mr. Allen were consistent with that version of events. (JA, pp. 99-100)

Near the conclusion of the sentencing hearing the district court stated, "I also strike his acceptance of responsibility as being inconsistent with his position in the case." (JA, p. 75, lines 23-24)

## SUMMARY OF ARGUMENT

Appellant contends that the district court should not have on its own motion, without a request from the prosecution, revoked his acceptance of responsibility. In doing so, the district court accepted the theory set forth in the PSR, which fit one version of the facts, and rejected the defense theory, which fit all of the known facts. The district court then revoked the PSR finding that the defendant had accepted

responsibility, even in light of all of the foregoing. To do so resulted in a sentence at the statutory maximum of ten years, a significant sentence increase and a prejudicial result when the advisory guideline range included in the PSR was 87-108 months. Appellant contends that to do so was clearly erroneous and therefore was reversible error, and he requests that this Court of Appeals vacate the sentence and remand to the district court for a new sentencing hearing.

## ARGUMENT

**I. THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY REVOKING THE PRE-SENTENCE REPORT FINDING THAT THE DEFENDANT HAD ACCEPTED RESPONSIBILITY FOR THIS ACTIONS.**

**A. Standard of Review.**

The district court's determination regarding acceptance of responsibility is deemed factual in nature, and therefore will be affirmed on appeal unless clearly erroneously. *United States v. Hargrove*, 478 F.3d 195, 198 (4th Cir. 2007).

**B. Discussion.**

The revised PSR in this case found that Mr. Allen had clearly demonstrated acceptance of responsibility and subtracted three levels from the base offense level in recognition of that fact. (JA, p. 96) However, at the July hearing, which was the first attempt at sentencing in this case, the following exchange occurred: "The

Court: Well, you shot the guy, didn't you?  Mr. Allen: No, sir." (JA, p. 38. lines 3-5)

Shortly thereafter, in the same hearing, this exchange occurred:

"The Court: Let me see.  Now, did he get acceptance of responsibility?

Ms. Mahan: He did, your Honor.

The Court: He is about to lose it for dishonesty.  Does he want to lose it?  That will push him right over the 120, wouldn't it?"

(JA, p. 40, lines 17-22)

Before the end of that hearing, Ms. Mahan was allowed to withdraw as counsel, the court ordered new counsel appointed, and the sentencing was postponed to a later date. (JA, p. 41-42)

At the subsequent sentencing hearing, the district court opened up by giving the new attorney for Mr. Allen notice that he was considering a sentence of the statutory maximum of 120 months despite the PSR establishing a range of 87-108 months. (JA, p. 44, lines 22-24)  That notice was given, but was not required by law.  *United States v. Walker*, 112 F.3d 163, 166 (4th Cir. 1997)  The district court went on to say that it was an un-controverted fact "that a victim received a close gunshot wound from a shotgun." (JA, p. 45)  Counsel responded by saying that ". . . there's no evidence that he was even present." (*Id.*)  Counsel went on to say "[o]f

course, they did gunshot residue to see if he was the one who had fired a shotgun and there was no residue found on him." (JA, p. 46, lines 15-16) Whereupon, the prosecution called witnesses and adduced evidence as noted in the "statement of the facts" section of this brief.

Following the taking of evidence, the district court stated that "[t]here's no possible doubt in this case that he was the shooter. But go ahead." (JA, p. 72, lines 15-16) To which defense counsel responded "I'm just going to say that the gunshot residue, they call it inconclusive. They didn't find anything on him, which doesn't prove it one way or the other, but they didn't find any residue on his hand." (JA, p. 72, lines 17-20)

After the presentation of evidence, but before the imposition of sentence, the district court asked why the government did not subpoena the victim into court to testify. The answer, in effect, was that the government did not do that because they expected the victim to lie and say that Mr. Allen was not the shooter. (JA, p. 73, line 22) Whereupon defense counsel offered the observation that the victim would have said that it was "Five" who shot him." (JA, p. 75, lines 11-15) Counsel added that "[h]e [Five] dropped the gun and this defendant picked it up and ran with it." (*Id.*)

The government did not ask the district court to revoke the PSR finding that credited Mr. Allen with acceptance of responsibility. The district court did that on its own. (JA, p. 75, lines 23-24).

On these facts, appellant contends that it was inappropriate for the district court to revoke his acceptance of responsibility. Appellant also recognizes his uphill battle on this issue because the appellate courts give great deference to the rulings of the district courts in evaluating the matter of acceptance of responsibility. *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007)

The provisions of USSG 3E1.1 pertain to acceptance of responsibility. The Commentary to that guideline, at Application Note 1, includes the following language:

> "In determining whether a defendant qualifies . . . appropriate considerations include, but are not limited to, the following:
>
> (A)  truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). . . . a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."

Clearly, the PSR found that Mr. Allen admitted the conduct comprising the offense of conviction, so the issue here is whether or not Mr. Allen falsely denied or frivolously contested additional relevant conduct. The district court found that the

evidence was clear that Mr. Allen was the shooter. (JA, p. 72, lines 15-16)  Contrast that finding with the following, however:

    1.  The victim said the shooter was wearing <u>red shorts and a white T-shirt</u>. (JA, p. 11, lines 7-9);

    2.  The government admitted that it did not subpoena the victim to the sentencing hearing because it expected him to deny that Mr. Allen was the shooter. (JA, p. 73, line 22);

    3.  One witness at the crime scene, whose credibility was enhanced by the fact that she was willing to give her name when no one else there would, identified the shooter as wearing <u>gray pants and a red shirt</u>, in contrast to the description offered by the victim and other people on the scene who refused to identify themselves. (JA, p. 55, line 11-22);

    4.  The defense counsel proffered the theory that "Five" was the shooter and that Mr. Allen grabbed the gun and ran with it, a theory which encompasses all of the known facts and not all but one of the known facts (alternative description of the shooter from an identified and presumed credible witness). (JA, p. 75, lines 11-22).

    There is no doubt that Mr. Allen is the man who ran, was found with a shotgun, and was arrested, but he never contested those facts. But did the shooter wear red shorts and a white T-shirt, or gray pants and a red shirt? And if Mr. Allen was the

-10-

shooter, why was the gunshot residue test, done immediately after arrest while still on the scene at his arrest, unable to find any gunshot residue on him? Perhaps the answer is because he picked up the gun after the shooter dropped it!

Is that theory so farfetched that the district court should have completely ignored it in light of the totality of the facts and circumstances known at that time? The district court accepted a theory, which fit only part of the known facts, and rejected the defense theory, which fit all of the known facts. Mr. Allen contends that the defense theory should not have been ignored, especially in light of the fact that the victim was not considered reliable by the prosecution. He therefore contends that the district should not have, especially without a prior request from the prosecution, revoked his acceptance of responsibility and sentenced him at the 120-month level instead of the 87-108 level recommended by the PSR. To do so was clearly erroneous and therefore reversible error and should be corrected on appeal.

### C.  Relief Requested.

Appellant requests that his sentence be vacated and that the case be remanded to the district court for further proceedings in the form of a new sentencing hearing.

## CONCLUSION AND PRAYER FOR RELIEF

In light of the points made and authorities cited herein, the appellant respectfully requests that his sentence be vacated and the case remanded for a new sentencing hearing.

Respectfully submitted, this the 18th day of February, 2014.

/s/ Wayne Buchanan Eads

WAYNE BUCHANAN EADS
Attorney for Appellant
North Carolina State Bar No. 8740
Post Office Box 25789
Raleigh, North Carolina  27611-5789
Telephone, (919) 833-3703
Telefax, (919) 833-0337
Email, eads_law@yahoo.com

## STATEMENT REGARDING ORAL ARGUMENT

The appellant respectfully requests oral argument only in the event that this Court of Appeals believes that such would aid the Court in its decision-making process.

## **CERTIFICATE OF COMPLIANCE, F.R.A.P. 32(A)(7)**

1. This brief has been prepared using fourteen point, proportionally spaced, serif typeface, as follows: WordPerfect 12, fourteen point, Times New Roman.

2. Exclusive of the Table of Contents, Table of Authorities, and Statement Regarding Oral Argument, this brief contains 2,481 words, prepared using WordPerfect 12, fourteen point type, Times New Roman.

3. I understand that a material misrepresentation may result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of this brief.

This the 18th day of February, 2014.

/s/ Wayne Buchanan Eads

WAYNE BUCHANAN EADS
Attorney for Appellant
North Carolina State Bar No. 8740
Post Office Box 25789
Raleigh, North Carolina  27611-5789
Telephone, (919) 833-3703
Telefax, (919) 833-0337
Email, eads_law@yahoo.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the foregoing opening brief of the appellant was served this date by means of filing same electronically utilizing the CM/ECF system currently in operatino by this Court, which CM/ECF system will automatically notify and make the document available to the following registered CM/ECF user:

Ms. Jennifer P. May-Parker
Assistant United States Attorney
United States Courthouse, Suite 800
310 New Bern Avenue
Raleigh, North Carolina   27601

Respectfully submitted, this the 18th day of February, 2014.

/s/ Wayne Buchanan Eads

WAYNE BUCHANAN EADS
Attorney for Appellant
North Carolina State Bar No. 8740
Post Office Box 25789
Raleigh, North Carolina   27611-5789
Telephone, (919) 833-3703
Telefax, (919) 833-0337
Email, eads_law@yahoo.com